**FILED**

**December 9, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 1:35 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | | |
|---|---|---|
| GRANLY SALMERON,<br>Employee, | ) | Docket No.: 2016-03-0434 |
| v. | ) | State File No.: 8178-2015 |
| BC CONSTRUCTION,<br>Employer, | ) | Judge Lisa Lowe Knott |
| And | ) | |
| LIBERTY MUTUAL INS. CO.,<br>Carrier. | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER
## DENYING ADDITIONAL TEMPORARY DISABILITY BENEFITS

---

This matter came before the undersigned Workers' Compensation Judge on November 15, 2016, on the Request for Expedited Hearing filed by the Employee, Granly Salmeron, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Mr. Salmeron requests additional temporary total disability benefits based upon his position that BC Construction improperly calculated his compensation rate. The central legal issue involves calculation of the correct average weekly wage and corresponding workers' compensation rate. For the reasons set forth below, the Court finds Mr. Salmeron has not come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits.[1]

### History of Claim

BC Construction, a sole proprietorship owned by Carlos Bustamante, employed Mr. Salmeron as a construction laborer. He mainly performed roofing and siding work. Mr. Salmeron testified that he was a supervisor and worked forty hours per week for fifty-two weeks per year at an average pay of $800-$1000 per week. While working on a job site on January 30, 2015, Mr. Salmeron sustained an injury when a nail hit his right eye.

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

1

After undergoing eye surgery in February, Mr. Salmeron said he attempted to return to work, but Mr. Bustamante refused to allow him to return. He insisted that he did not work for Mr. Bustamante following his January 30 injury. He also stated Gabriel Umana, a co-worker, was paid between $700 and $800 per week and that he worked the same amount of time as Mr. Umana.[2] On cross-examination, Mr. Salmeron acknowledged he did not have any documentation with him to substantiate his claim that he worked forty hours per week. The parties agreed that Liberty Mutual paid Mr. Salmeron temporary disability benefits from January 31 to March 27 and August 21 to October 26 at a rate of $194.13. (Ex. 7.) Mr. Salmeron alleged he is entitled to the difference between the rate of $194.13 and his alleged rate of either $532.80 or $666.000 (based on average pay of $800-$1000 per week) for the same time periods.

Mr. Bustamante testified[3] that Mr. Salmeron was not a supervisor and did not work forty hours per week. He stated he would call Mr. Salmeron as needed to work for a few days to complete jobs. He said the work was not steady and he did not pay Mr. Salmeron $800 to $1000 per week. He testified that he paid Mr. Salmeron $10.50, $11.00, or $12.00 per hour depending on whether he was performing framing, roofing, or siding work. He prepared the Wage Statement and confirmed Mr. Salmeron's average weekly wage was $291.20 with a corresponding workers' compensation rate of $194.13. (*See* Ex. 3.) Contrary to Mr. Salmeron's testimony, Mr. Bustamante stated he did return to work following the injury in 2015. Mr. Bustamante introduced a 1099-form that reflected he paid Mr. Salmeron a total of $13,584.00 for 2015. (Ex. 5.) In addition, Mr. Bustamante introduced into evidence receipts for payments he made to Mr. Salmeron in 2014 and 2015. (Ex. 6.) He provided the following 2015 receipts:

| January 5-9 | $250.00 | January 12-16 | $350.00 |
|---|---|---|---|
| January 19-23 | $300.00 | January 26-30 | $200.00 |
| February 2-6 | $250.00 | February 9-13 | $260.00 |
| February 16-20 | $320.00 | February 23-27 | $220.00 |
| March 2-6 | $350.00 | March 9-13 | $350.00 |
| March 16-20 | $400.00 | March 23-29 | $350.00 |
| April Receipts were illegible | | | |
| May 4-8 | $400.00 | May 11-15 | $225.00 |
| May 18-22 | $225.00 | May 24-June 1 | $350.00 |

Finally, with regard to the average weekly wage and workers' compensation rate used in Mr. Umana's case, Mr. Bustamante stated that Mr. Umana is Mr. Salmeron's brother. He further testified that no one from Liberty Mutual contacted him to discuss the

---

[2] Mr. Salmeron attempted to introduce into evidence settlement documents from Mr. Umana's workers' compensation claim. BC Construction objected. The Court sustained the objection and marked the settlement documents for identification purposes only as Exhibit 8.

[3] Because Mr. Bustamante was working in Florida, he testified via telephone at the Expedited Hearing.

appropriate average weekly wage and that Mr. Umana had only worked for him on the day he was injured. He was not aware of Mr. Umana's settlement or the average weekly wage utilized by the parties until this hearing.

### Findings of Fact and Conclusions of Law

The Court considers the following legal principles in reaching its conclusions in this matter. Mr. Salmeron has the burden of proof on all essential elements of his workers' compensation claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Mr. Salmeron need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, Mr. Salmeron has the burden to come forward with sufficient evidence from which the trial court can determine he is likely to prevail at a hearing on the merits. *Id.* This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.,* No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

The sole dispute at this interlocutory hearing revolves around Mr. Salmeron's earnings while working for Mr. Bustamante. In this regard, the Court finds Mr. Salmeron's testimony suspect. Mr. Salmeron testified he worked forty hours per week for fifty-two weeks per year making $800 to $1000 per week, but provided no documentation to support this contention. Conversely, Mr. Bustamante testified that work in the construction industry is not steady, forty-hour-per-week work. He provided receipts for payments to Mr. Salmeron that range between a low of $150 per week to a high of $400 per week, with the majority of the 2014 payments being in the $200-$250 range. The Court finds Mr. Bustamante's testimony more plausible, reliable, and substantiated by the receipts placed into evidence. In addition, though Mr. Salmeron testified that he did not work for Mr. Bustamante after his injury, the receipts reflect he worked for Mr. Bustamante for at least four months after the injury. This calls his overall credibility into question. The Court finds Mr. Bustamante's testimony that Mr. Salmeron's average weekly wage was $291.20 per week with a compensation rate of $194.13 more plausible than Mr. Salmeron's testimony that he was paid $800-$1000 per week.

Therefore, as a matter of law, Mr. Salmeron has not come forward, at this stage of the case, with sufficient evidence from which this Court might conclude he is likely to prevail at a hearing on the merits. His request for additional temporary total disability

3

benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Salmeron's claim against BC Construction and its workers' compensation carrier for the requested additional temporary total disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on January 19, 2017, at 1:30 p.m. Eastern Time.

**ENTERED this the 9th day of December, 2016.**

**HON. LISA LOWE KNOTT**
**Workers' Compensation Judge**

Scheduling Hearing:

A Scheduling Hearing has been set with Judge Lisa Lowe Knott, Court of Workers' Compensation Claims. The parties must call 865-594-0109 or 855-383-0003 toll free to participate in the Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or

4

other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Technical Record:

- Petition for Benefit Determination, filed May 2, 2016;
- Dispute Certification Notice, filed June 16, 2016;
- Show Cause Order, issued September 6, 2016;
- Request for Expedited Hearing, filed September 14, 2016;
- Employer's Position Statement and Request for Evidentiary Hearing, filed September 21, 2016; and
- Order Denying Request for a Decision Based on Review of the File and Granting Request for an In-Person Evidentiary Hearing, entered September 22, 2016.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:

- EXHIBIT 1: Affidavit of Granly Salmeron;
- EXHIBIT 2: Affidavit of Carlos Bustamante;
- EXHIBIT 3: Wage Statement, Form C-41;
- EXHIBIT 4: Medical Records of Dr. Lauren Harris, University Eye Surgeons;
- EXHIBIT 5: Job Description and 2015 Tax Documentation;
- EXHIBIT 6: 2014 Tax and Payment Documentation;
- EXHIBIT 7: Record of Temporary Total Disability Payments; and
- EXHIBIT 8 FOR IDENTIFICATION PURPOSES ONLY: Workers' Compensation Settlement Documents for co-worker.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 9th day of December, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Philip Strang, Esq., Employee's Counsel | | | x | philip@foxandfarmer.com |
| Eric Shen, Esq., Employer's Counsel | | | x | eric.shen@libertymutual.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

7